**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reda Mae Palmer, ) | No. CV 04-2362-PCT-SMM |
| Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| vs. ) | |
| Web Industries Inc., ) | |
| Defendant. ) | |

Pending before the Court is Defendant Web Industries, Inc., d/b/a Anderson Chrysler, Plymouth, Dodge, Jeep's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. 68.)

On October 29, 2004, Plaintiff Reda Mae Palmer ("Plaintiff") filed suit regarding a 2004 Jeep Grand Cherokee she purchased from Defendant, a car dealership located in Lake Havasu City, Arizona. (Dkt. 1.) Plaintiff alleged claims for violation of the Federal Motor Vehicle Information and Cost Savings Act pursuant to 49 U.S.C. § 32701 (the "Odometer Act claim"), Consumer Fraud pursuant to A.R.S. § 44-1521, and Breach of Contract. (Dkt. 18.) With respect to her fraud claim, Plaintiff requests punitive damages. (Dkt. 18 at ¶47.)

On January 8, 2007, the Court granted Defendant's motion for summary judgment on Plaintiff's federal Odometer Act claim, but denied its request for summary judgment on her claims for consumer fraud, breach of contract, and punitive damages. (Dkt. 67.) On January

12, 2007, Defendant filed the instant Motion requesting that the Court dismiss the action "because of an absence of either a federal question or diversity." (Dkt. 68.)

**DISCUSSION**

Under the doctrine of supplemental jurisdiction, this Court has discretion to retain jurisdiction over state court claims where the claims on which its original jurisdiction was based have been dismissed. See 28 U.S.C. § 1367(c)(3). To decline jurisdiction under §1367(c)(3), "the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." Trustees of Const. Industry & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (Trustees). Although the decision to decline jurisdiction is discretionary, it may be an abuse of discretion to dismiss state claims where factors of judicial economy, convenience and fairness to the parties strongly point toward retaining jurisdiction and no novel or complicated issue of state law is involved. See Trustees, 333 F.3d at 925-26 (ordering dismissal of state claims seven days before trial and after long delays was neither fair to parties nor efficient use of judicial resources).

In the present case, the Court exercises its discretion to retain supplemental jurisdiction over the state law claims still pending because significant judicial and party resources have been expended litigating the viability of the state law claims and considerations of judicial economy favor retaining jurisdiction. The present case has been pending in federal court for an extended time, since October 2004. Moreover, the Court is familiar with the remaining issues, having just resolved cross-motions for summary judgment on all claims, and substantial time has been invested in the matter. Finally, the case is now ready for trial and a dismissal would require duplicative proceedings in state court, resulting in delay. See Munger v. City of Glasgow Police, 227 F.3d 1082, 1088 n.4 (9th Cir. 2000).

Accordingly,

- 2 -

1 **IT IS HEREBY ORDERED DENYING** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (Dkt. 68.)

**IT IS FURTHER ORDERED** that a Final Pretrial Conference shall be held on April 10, 2007 at 3:00 p.m. before the Honorable Stephen M. McNamee in Courtroom 605, 401 W. Washington Street, Phoenix, AZ 85003.  A Final Pretrial Order will forwarded to both parties setting forth the documents that must be filed in preparation for the hearing.

DATED this 5th day of February, 2007.

_____
Stephen M. McNamee
United States District Judge