**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Reda Mae Palmer,  )<br>                               )<br>          Plaintiff,          )<br>                               )<br>vs.                            )<br>                               )<br>Web Industries Inc.,           )<br>                               )<br>          Defendant.           )<br>                               )<br>_____) | No. CV 04-2362-PCT-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Defendant Web Industries, Inc., d/b/a Anderson Chrysler, Plymouth, Dodge, Jeep's ("Defendant") Motion for Reconsideration of this Court's February 6, 2007 Order (the "Order") Denying Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. 73.)

Defendant contends the Order should be reconsidered because it was issued "without affording Defendant the opportunity of filing a reply to Plaintiff's response." (Id. at 1.) For two reasons, this is not a proper basis for seeking reconsideration. First, replies are optional, and therefore not required to be considered. See LRCiv 7.2(d). Second, a motion for reconsideration is proper only if "the district court (1) is presented with newly discovered evidence; (2) committed clear error or the decision was manifestly unjust; or (3) if there is an intervening change in controlling law." School Dist. No. 1J Multnomah City v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). The Court did not commit "clear error" by denying Defendant's Motion to Dismiss before considering its reply. However, the

Court will address the arguments set forth in Defendant's Motion for Reconsideration and consider them in "reply" to Plaintiff's opposition to Defendant's Motion to Dismiss.

## BACKGROUND FACTS

On October 29, 2004, Plaintiff Reda Mae Palmer ("Plaintiff") filed suit regarding a 2004 Jeep Grand Cherokee she purchased from Defendant, a car dealership located in Lake Havasu City, Arizona. (Dkt. 1.) Plaintiff alleged claims for violation of the Federal Motor Vehicle Information and Cost Savings Act pursuant to 49 U.S.C. § 32701 (the "Odometer Act claim"), Consumer Fraud pursuant to A.R.S. § 44-1521, Breach of Contract, and punitive damages. (Dkt. 18.) On January 8, 2007, the Court granted Defendant's motion for summary judgment on Plaintiff's federal Odometer Act claim, but denied its request for summary judgment on her claims for consumer fraud, breach of contract, and punitive damages. (Dkt. 67.) On January 12, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. 68.) The Court denied Defendant's Motion to Dismiss on February 6, 2007. (Dkt. 71.)

## DISCUSSION

Under the doctrine of supplemental jurisdiction, this Court has *discretion* to retain jurisdiction over state law claims where the claims on which its original jurisdiction was based have been dismissed. See 28 U.S.C. § 1367(c)(3). To decline jurisdiction under §1367(c)(3), "the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." Trustees of Const. Industry & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925-26 (9th Cir. 2003) (ordering dismissal of state claims seven days before trial and after long delays was neither fair to parties nor efficient use of judicial resources). As the Supreme Court has explained, "the doctrine of pendent jurisdiction . . . is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." Carnegie-Mellon Univ. v. Cohill,

1  484 U.S. 343, 350 (1988). Supreme Court and Ninth Circuit precedent consistently provide
2  that the district court is in the best position to judge the extent of resources invested in a case
3  and that such discretion ought not be lightly disturbed. Id.; Otto v. Heckler, 802 F.2d 337,
4  338 (9th Cir. 1986) ("The district court, of course, has the discretion to determine whether
5  its investment of judicial energy justifies retention of jurisdiction, or if it should more
6  properly dismiss the claims without prejudice.") (citation omitted), amending 781 F.2d 754.

7        For several reasons, the Court exercises its discretion to retain supplemental
8  jurisdiction over Plaintiff's three state law claims. First, significant party and judicial
9  resources have been expended litigating and determining the viability of the remaining state
10 law claims. Second, the present case has been pending in federal court for twenty-eight
11 months, since October 2004, and the Court has invested substantial time and resources in the
12 matter. Third, the Court is fully familiar with both the record and the remaining issues,
13 having just resolved cross-motions for summary judgment on *all claims*. See dkt. 67. Thus,
14 considerations of judicial economy favor retaining jurisdiction. Fourth, the dismissal of the
15 federal claim follows the close of discovery and the cut-off for dispositive motions in this
16 Court. See dkt. 40. Fifth, the case is now ready for trial, and a final pretrial conference is
17 scheduled for April. See dkt. 76. It would serve no useful purpose to put Plaintiff and
18 Defendant to the trouble of relitigating in state court a case which is ready for trial, as –
19 notwithstanding Defendant's proposed stipulations – a dismissal would require essentially
20 duplicative proceedings and judicial determinations in state court, resulting in delay and,
21 possible, conflict. Finally, by dismissing Plaintiff's Odometer Act claim, the Court has made
22 a ruling that may result in an appeal to the Ninth Circuit. See Dkt. 67. It would not serve the
23 underlying objectives of judicial economy, fairness, and comity to remand the matter to state
24 court when a separate appellate track would be created for issues resolved there.

25       The Defendant relies on dictum in United Mine Workers v. Gibbs, 383 U.S. 715
26 (1966) (Gibbs), that, "if the Federal claims are dismissed before trial . . . the state claims
27 should be dismissed as well." (Dkt. 73 at 2, quoting Gibbs, 383 U.S. at 726.) The Supreme
28

- 3 -

1 Court itself has "made clear that this statement does not establish a mandatory rule to be
2 applied inflexibly in all cases." Carnegie-Mellon Univ, 484 U.S. at 350 n. 7 (citing Rosado
3 v. Wyman, 397 U.S. 397, 405 (1970) (Court "not willing to defeat the commonsense policy
4 of pendent jurisdiction – the conservation of judicial energy and the avoidance of multiplicity
5 of litigation")); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir 1997) (en
6 banc) (recognizing that Gibbs dictum is not mandatory). Instead, "[t]he statement simply
7 recognizes that in the *usual case* in which all federal-law claims are eliminated before trial,
8 the balance of factors . . . will point toward declining to exercise jurisdiction over the
9 remaining state-law claims." Carnegie-Mellon, 484 U.S. at 350 n. 7, emphasis added; see
10 also United States v. Zima, 766 F.2d 1153, 1158 (7th Cir. 1985) (Gibbs dictum "has been
11 ignored or limited on many occasions, even by the Court itself").

12 As noted above, this case is not the "usual case." The Ninth Circuit has consistently
13 upheld decisions to retain pendent claims on the basis that returning them to state court
14 would be a waste of judicial resources. Indeed, many of these cases indicate that a district
15 court may exercise its discretion to retain pendent claims, on the basis of judicial economy,
16 after considerably less time has elapsed than in the present case. See, e.g., Mackey v. Pioneer
17 Nat'l Bank, 867 F.2d 520, 523 (9th Cir. 1989) ("retention of jurisdiction well served the
18 purposes of judicial economy and efficiency" after case had been in federal court only four
19 months); Aydin Corp. v. Loral Corp., 718 F.2d 897, 904 (9th Cir. 1983) (no abuse of
20 discretion to retain pendent claims on judicial economy grounds after "considerable time"
21 of less than 29 months elapsed); Arizona v. Cook Paint & Varnish Co., 541 F.2d 226, 227-28
22 (9th Cir. 1976) (per curiam) (no abuse of discretion to retain pendent claims after nine
23 months); see also In re Nucorp Energy Secs. Litigation, 772 F.2d 1486, 1491 (9th Cir. 1985)
24 (district court "was right in not imposing unnecessarily on a state court or on [the defendant]
25 a repetition of pleadings, motions, discovery and other pre-trial proceedings") (citation
26 omitted). Once again, these cases reflect the Ninth Circuit's belief that it is the district judge
27
28

- 4 -

1  who is in the best position to determine whether enough resources have been expended to
2  make dismissal a waste of time at any given point.  See Otto, 802 F.2d at 338.

3  Although attempts to manipulate the forum should properly be taken into account in
4  balancing "the principles of [judicial] economy, convenience, fairness, and comity which
5  underlie the pendent jurisdiction doctrine," Carnegie-Mellon, 484 U.S. at 357, the Court
6  rejects Defendant's implication that Plaintiff's Odometer Act claim was simply a "pretext
7  to get into federal court." (Dkt. 73 at 5.)  First, Defendant conceded in its summary judgment
8  response that "the Circuits are split on whether a plaintiff who alleges a violation of [the
9  Odometer Act] must prove intent to defraud as to the vehicle's mileage." (Dkt. 61 at 5.)
10  Second, this was an issue of first impression in the Ninth Circuit.  Both facts demonstrate
11  that Plaintiff included her Odometer Act claim in good faith, not as a pretext.  Moreover, as
12  Plaintiff notes (dkt. 77 at 3 n.2), Defendant could have moved to dismiss the Odometer Act
13  claim at any time during the case, but chose to wait until less than two months before the
14  dispositive motions deadline to do so.  See dkt. 40.

15  The Court rejects Defendant's assertion that Plaintiff's consumer fraud claim involves
16  difficult issues of state law.  The Arizona Consumer Fraud Act is not novel or complex.
17  Thus, retention of jurisdiction in the present does not disregard the interests of comity.

18  Defendant's remarks with respect to the convenience of witnesses and the parties and
19  the right to a jury of its peers (dkt. 73 at 3-4, 6) are not persuasive because Plaintiff filed this
20  case in the Prescott division of the District of Arizona.  It has yet to be determined whether
21  the actual trial will take place at the courthouse in Phoenix or Prescott.  Moreover, unless
22  both parties stipulate to a Phoenix jury pool, the jury pool will consist of persons from five
23  northern counties, including Mohave County.

24  Defendant's proposed stipulations to Plaintiff (dkt. 73 at 5-6) have only a limited
25  effect on judicial economy because the Superior Court for the County of Mohave would need
26  to familiarize itself with the underlying facts, pleadings and judicial rulings made here in
27  order to decide any pretrial motions, motions in limine, and jury instructions.  As noted
28

above, this Court is already familiar with the record and remaining issues. Moreover, Defendant has not demonstrated with any certainty that Plaintiff's case would be set for trial earlier in Mohave County than in this Court, nor has Defendant demonstrated how a "Motion to Advance" for trial controls the Superior Court's calendar. Finally, Defendant's stipulation regarding service and discovery (see dkt. 73 at 5-6) will not alleviate the problems of judicial economy or fairness discussed above.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendant's Motion for Reconsideration but **DENYING** Defendant's request to reverse the February 6, 2007 Order's determination that this case will *not* be dismissed for lack of subject matter jurisdiction (dkt. 71). (Dkt. 73.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike and remove from the Court's docket Defendant's Reply to Plaintiff's Response to Defendant's Motion for Reconsideration (docket numbers 78 and 81), on the grounds that it is improperly filed in violation of this Court's Local Rules. See Local Rule 7.2(g).

**IT IS FURTHER ORDERED DENYING AS MOOT** Plaintiff's Motion to Strike Defendant's Reply in Support of its Motion to Reconsider. (Dkt. 79.)

DATED this 26th day of February, 2007.

_____
Stephen M. McNamee
United States District Judge